Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| RADAMÉS JORDÁN ORTIZ Peticionario v. CONSEJO DE TITULARES DEL CONDOMINIO DOS MARINAS I IN SERVICIO LLC., LAS CORPORACIONES DESCONICODAS A, B, C Y LAS ASEGURADORAS DESCONOCIDAS Recurridos | KLCE202400410 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de FAJARDO Caso número: FAC2022CV00605 Sobre: DAÑOS Y PERJUICIOS |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 20 de mayo de 2024.

Comparece ante *nos* In-Servicio, LLC (peticionario) mediante el recurso de *Certiorari.* Nos solicita la revocación de una *Orden* emitida el 19 de marzo de 2024, por el Tribunal de Primera Instancia (TPI), Sala Superior de Fajardo. Mediante el referido dictamen, el foro primario dejó sin efecto una *Orden* que concedía una prórroga a favor de la parte peticionaria bajo el fundamento de que existe una anotación de rebeldía dictada en su contra.

Por los fundamentos que expondremos a continuación, expedimos el auto de *certiorari,* y *confirmamos* el dictamen recurrido.

**I.**

La génesis de este caso se remonta a la presentación una *Demanda* de daños y perjuicios instada por el señor Radamés Jordán Ortiz (recurrido) en contra de In-Servicio L.L.C (In-Servicio) y el Consejo de Titulares del Condominio Dos Marinas I (Consejo),

Número Identificador

SEN2024 _____

entre otros.[1] En esencia, el demandante alegó que su apartamento presenta múltiples estructuras destrozadas por las actuaciones ocasionadas por la parte demandada durante un proceso de reparación de la tubería central del Condominio. En vista de los anterior, solicitó $250,000.00 por los daños a la propiedad y las angustias mentales experimentadas.

Posteriormente, el 9 de agosto de 2022, la parte recurrida emplazó a la parte peticionaria.[2] Sin embargo, ante su incomparecencia, el TPI le anotó la rebeldía a solicitud de la parte demandante.[3] El 23 de febrero de 2023, el foro primario emitió una *Sentencia* en rebeldía en la cual condenó a la parte peticionaria al pago de $250,000.00 en concepto de daños y angustias mentales por la privación de la propiedad y el destrozo de su estructura.[4]

Tras varios acontecimientos procesales, el 31 de octubre de 2023, In-Servicio acudió ante *nos* mediante un recurso de apelación. Evaluados sus argumentos, el 20 de diciembre de 2023, emitimos una *Sentencia* consolidada con el recurso apelativo presentado por el Consejo.[5] Mediante la referida determinación, revocamos el dictamen apelado al amparo de la Regla 49.2 de Procedimiento Civil.[6] En síntesis, decretamos que la *Sentencia* apelada es nula por no haberse diligenciado el emplazamiento del Consejo.

Ante tales circunstancias, el 15 de febrero de 2024, el señor Jordán Ortiz presentó una *Demanda Enmendada* con idénticas alegaciones a la reclamación judicial instada con anterioridad.[7]

---

[1] Surge del expediente apelativo que la aludida demanda se presentó el 16 de junio de 2022. Véase Apéndice de peticionario, págs. 1-4.
[2] Apéndice del recurrido, págs. 1-3.
[3] Apéndice del recurrido, págs. 4-5.
[4] Apéndice de peticionario, pág. 5-8.
[5] La asignación alfanumérica de la mencionada determinación apelativa es KLAN2023-00971 y KLAN2023-01004.
[6] Véase *Sentencia* emitida por el Tribunal de Apelaciones el 20 de diciembre de 2023 correspondiente a la designación alfanumérica de los casos consolidados KLAN2023-00971 y KLAN2023-01004.
[7] Apéndice de peticionario, págs. 61-64.

Así las cosas, In-Servicio presentó una *Moción Informativa y en Solicitud de Prórroga.*[8] En este escrito, solicitó un término de treinta (30) días para contestar la *Demanda* o presentar cualquier tipo de moción dispositiva. Evaluada su petición, el TPI dictaminó una *Orden,* notificada el 27 de febrero de 2024, en la cual concedió la prórroga.[9] No obstante, al día siguiente, la parte recurrida presentó una *Moción en Oposición a Prórroga e Informativa y Solicitud de Reconsideración.*[10] En esta, arguyó que a pesar de que el tribunal intermedio declaró nula la *Sentencia,* nunca se dejó sin efecto la rebeldía impuesta contra la parte peticionaria.

Ante tales planteamientos, In-Servicio sometió una *Breve Moción sobre Réplica a Moción de Desglose.*[11] En este escrito, argumentó que tras el foro apelativo decretar nulidad de la determinación apelada, le corresponde al demandante volver a emplazar y acoger los términos aplicables a la contestación de demanda y descubrimiento de prueba. Señaló, además, que el demandante erra al interpretar que el dictamen apelativo no le concedió remedio alguno a In-Servicio. Por su parte, el demandante presentó una *Dúplica a Réplica a Oposición a Moción de Prórroga e Informativa y Solicitud de Reconsideración.* En esta, reiteró que forzosamente la anotación de rebeldía se mantiene al no ser objeto de la determinación del Tribunal de Apelaciones.

Evaluadas las múltiples mociones presentadas en torno a esta controversia,[12] 19 de marzo de 2024, el foro *a quo* emitió una *Orden* en la cual declaró *Ha Lugar* la solicitud del señor Jordán Ortiz.[13]

---

[8] Apéndice de peticionario, pág. 66.
[9] Apéndice de peticionario, pág. 67.
[10] Apéndice de peticionario, págs., 68-72.
[11] Apéndice de peticionario, págs., 73-75.
[12] Apéndice de peticionario, págs., 76-83.
[13] Apéndice de peticionario, pág. 84.

Inconforme con dicha determinación, el 10 de abril de 2024, In-Servicio acudió ante *nos* mediante un recurso de *Certiorari* y señaló la comisión del siguiente error:

**ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL MANTENER LA REBELDÍA CONTRA LA PARTE COMPARECIENTE, A PESAR DEL FORO APELATIVO HABER DECLARADO NULA LA SENTENCIA DE INSTANCIA, TENIENDO LA COMPARECIENTE DEFENSAS VÁLIDAS Y NO CAUSANDO PERJUICIO ALGUNO A LA PARTE DEMANDANTE.**

En el ínterin, el 24 de abril de 2024, el tribunal recurrido emitió una *Orden Emendada*, notificada el 29 de abril de 2024, con el siguiente pronunciamiento:

Se enmienda la Orden del 19 de marzo de 2024 para que exprese que se declaro Ha Lugar la reconsideración presentada por la parte demandante y se deja sin efecto la Orden concediéndole una prórroga a la demandada In Servicio, LLC para contestar la demanda enmendada. A la demandada In Servicios, LLC se le anotó la rebeldía el 14 de octubre de 2022. Aun cuando el Tribunal de Apelaciones revocó la sentencia en rebeldía emitida por este Tribunal, no resolvió ni determinó nada sobre la anotación de rebeldía de la codemandada In Servicios, LLC.[14]

El 6 de mayo de 2024, este Tribunal emitió una *Resolución* en la cual ordenó a la parte recurrida a presentar su posición. En cumplimiento con lo ordenado, el señor Jordán Ortiz sometió su *Oposición a Expedición de Certiorari.*

Con el beneficio de la comparecencia de ambas partes, procedemos a discutir el marco legal aplicable a la controversia ante nuestra consideración.

**II.**

**A. Recurso de *certiorari***

Como es sabido, el *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una determinación de un tribunal inferior.

---

[14] Apéndice del recurrido, pág. 76.

*Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021). Véase, también, Artículo 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva de este recurso "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Rivera Gómez v. Arcos Dorados Puerto Rico*, 2023 TSPR 65; *IG Builders et al.* v. *BBVAPR,* 185 DPR 307, 338 (2012).

No obstante, el ejercicio de esta discreción no es absoluto. A esos fines, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, preceptúa las instancias que activan nuestras facultades revisoras ante resoluciones u órdenes interlocutorias:

> El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, **anotaciones de rebeldía,** en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Regla 52.1 de Procedimiento Civil, *supra.* (Énfasis suplido).

En lo pertinente, en *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 597 (2011), el Tribunal Supremo de Puerto Rico resolvió que los foros apelativos tienen jurisdicción para revisar interlocutoriamente las anotaciones de rebeldía:

> **Ante un error cometido por el tribunal al anotar la rebeldía, la parte afectada tiene el derecho de solicitar que se levante tal rebeldía por no haberse cumplido con la citada Regla 45.1 de Procedimiento Civil.** Una denegatoria a esa solicitud conllevaría, conforme al texto de la referida regla, el que se revise en certiorari e interlocutoriamente la denegatoria del

tribunal de levantar tal anotación de rebeldía. Por otro lado, la inacción o denegatoria del tribunal para anotar la rebeldía equivaldría a su incumplimiento con lo dispuesto en la Regla 45.1. **Por lo tanto, y nuevamente según el texto de la Regla 52.1 de Procedimiento Civil, supra, la parte tendría el derecho a que discrecionalmente el Tribunal de Apelaciones revisara interlocutoriamente tal error o inacción**. (Énfasis suplido).

Ahora bien, aun cuando al amparo de la Regla 52.1 de Procedimiento Civil, *supra*, ostentamos jurisdicción sobre determinaciones interlocutorias, "la expedición del auto y la adjudicación en sus méritos es discrecional". *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008).

De manera similar, la Regla 40 del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, delimita los criterios para la expedición de un auto de *certiorari*:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Estas consideraciones orientan la función del foro apelativo para ejercer sabiamente su facultad discrecional. *Rivera Gómez v. Arcos Dorados Puerto Rico, supra.* A su vez, la precitada disposición reglamentaria permite que el análisis revisorio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los

asuntos planteados. *Rivera Gómez v. Arcos Dorados Puerto Rico*, *supra*; *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020).

A la luz de tales preceptos, los tribunales revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto". *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Véase, además, *Dávila Nieves v. Meléndez Marín*, 187 DPR 750, 771 (2013).

## B. La anotación de rebeldía

La anotación de rebeldía es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara*, 202 DPR 1062, 1069 (2019); *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 587. A esos fines, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1, delimita los escenarios que permiten imponer la anotación de rebeldía:

> Cuando una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.

En tales instancias, **el tribunal puede ordenar la anotación cuando la parte demandada: (1) no comparece después de haber sido emplazado, (2) no se defiende mediante moción (3) ni presenta oportunamente la contestación a la demanda**. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc.*, 2023 TSPR 110; *Rivera Figueroa v. Joe's European Shop*, *supra*, pág. 589. (Énfasis suplido). Asimismo, la imposición de rebeldía ocurre cuando "una de las partes en el pleito ha incumplido con algún mandato del tribunal, lo que motiva a éste a imponerle la rebeldía

como sanción". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 100 (2002).

Anotada la rebeldía, se dan por admitidos todos los hechos bien alegados en la demanda o la alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal a dictar sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor Sales of Caribbean, Inc. v. Lunor, Inc., supra*; *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. Este proceder brinda un remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse. *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005).

Ahora bien, los tribunales no son meros autómatas obligados a conceder indemnizaciones por estar dilucidándose un caso en rebeldía. *Álamo v. Supermercado Grande, Inc., supra*, pág. 102. La anotación de rebeldía se debe dar dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción. *Rivera Figueroa v. Joe's European Shop, supra*, pág. 590. Pese a que la rebeldía constituye un mecanismo procesal discrecional, ésta no se sostendrá ante el ejercicio burdo o injusto. Íd.

A esos fines, nuestro esquema procesal provee diversas alternativas para dejar sin efecto una anotación de rebeldía dictada erróneamente. En primer lugar, la parte interesada puede solicitar el levantamiento de la anotación al amparo de la Regla 45.1 de Procedimiento Civil, *supra*. En *Rivera Figueroa v. Joe's European Shop, supra*, pág. 592, el Máximo Foro delineó la siguiente interpretación en torno a la aludida regla:

> **[S]i un codemandado a quien se le anota la rebeldía por alegadamente no haber contestado en el término, puede probar que sí había contestado y que la anotación de la rebeldía en su contra obedeció a**

**una confusión por parte del Secretario o la Secretaria ante los múltiples codemandados en el expediente, su remedio es, de igual manera, solicitar que se levante la rebeldía por error en la implementación de la Regla 45.1 de Procedimiento Civil, supra. Esto es, la parte no dejó de presentar alegaciones o de defenderse, sino que la anotación obedeció a un error del tribunal.**

En tal circunstancia, el "fundamento en derecho para lograr tal levantamiento sería el incumplimiento por parte del promovente con la Regla 45.1 de Procedimiento Civil, *supra"*. Íd. Esta disposición procesal no requiere demostrar la existencia de causa justificada.

De no aplicar el análisis anterior, corresponde identificar si media justa causa para levantar la anotación de conformidad con la Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3. Esta regla establece que "[e]l tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, y cuando se haya dictado sentencia en rebeldía, podrá asimismo dejarla sin efecto de acuerdo con la Regla 49.2". Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.3.

**C. Relevo de sentencia en el contexto de la anotación de rebeldía**

La Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V, R.49.2, provee un mecanismo procesal para solicitar al foro primario el relevo de los efectos de una sentencia, orden o procedimiento siempre y cuando medien los fundamentos legales. *García Colón v. Sucn. González*, 178 DPR 527, 539 (2010). Véase, también, *De Jesús Viñas v. González Lugo*, 170 DPR 499, 509 (2007).  A esos fines, la precitada regla delimita las circunstancias que motivan la concesión de este remedio:

> (a) error, inadvertencia, sorpresa o negligencia excusable;
>
> (b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia. 32 LPRA Ap. V, R.49.2.

**Esta regla permite al tribunal (a) conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento; (b) conceder un remedio a una parte que en realidad no hubiere sido emplazada, y (c) dejar sin efecto una sentencia por motivo de fraude al tribunal**. *De Jesús Viñas v. González Lugo, supra,* pág. 510. (Énfasis suplido).

En *Neptune Packing Corp. v. Wackenhut Corp., supra,* pág. 294, el Tribunal Supremo de Puerto Rico extendió los criterios de la Regla 49.2 de Procedimiento Civil, *supra,* a aquellos casos relacionados con la anotación de rebeldía:

Expresamente sostenemos que los criterios inherentes a la Regla 49.2 de Procedimiento Civil, *supra,* tales como si el peticionario tiene una buena defensa en sus méritos, el tiempo que media entre la sentencia y la solicitud de relevo, y el grado de perjuicio que pueda ocasionar a la otra parte la concesión del relevo de sentencia, son igualmente aplicables cuando se solicita que una sentencia dictada en rebeldía sea dejada sin efecto.

Ante tales escenarios, la Regla 49.2 de Procedimiento Civil, *supra,* debe "ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita que se deje sin efecto la sentencia". *Náter v. Ramos,* 162 DPR 616, 625 (2004). Véase, también, *Díaz v. Tribunal Superior,* 93 DPR 79 (1966). El aludido precepto reglamentario provee un justo balance entre dos intereses

conflictivos de nuestro ordenamiento jurídico. Por una parte, aspira a "que todo caso se resuelva justamente, mientras que por otro lado se encuentra el interés de que los litigios concluyan." *HRS Erase v. CMT*, 205 DPR 689, 698 (2020) (citando a *García Colón et al. v. Sucn. González, supra,* pág. 540).

Ahora bien, el reconocimiento de esta acción no es una llave maestra para dejar sin efecto sentencias válidamente dictadas. *García Colón v. Sucn. González, supra*, pág. 541; *Rivera v. Jaume*, 57 DPR 562, 574 (2002). La concesión del relevo de sentencia es un asunto altamente discrecional, por lo que es necesario demostrar que existen razones que justifican el remedio solicitado. *Reyes v. ELA et al.*, 155 DPR 799, 812 (2001). En tales casos, se requiere del promovente una demostración por preponderancia de la prueba de hechos justifican la moción. a J. A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. III, pág. 1409. **Por tanto, este remedio no está disponible para corregir errores de derecho o errores de apreciación o valoración de la prueba que debieron presentarse a través de un recurso de revisión apelativa o reconsideración**. *Peña Lacern v. Martínez Hernández*, 210 DPR 425, 439 (2022); *García Colón v. Sucn. González, supra,* pág. 542. (Énfasis suplido).

El promovente de la solicitud de relevo de sentencia deberá presentarla "dentro de un término razonable, pero en ningún caso después de transcurridos seis (6) meses de haberse registrado la sentencia". Regla 49.2 de Procedimiento Civil, *supra*. No obstante, "si una sentencia es nula, la parte promovedora de una moción de relevo de sentencia no está limitada por el término de seis meses expuesto". *HRS Erase v. CMT, supra,* pág. 699

En ese sentido, una sentencia reviste nulidad cuando se ha dictado sin jurisdicción o cuando al dictarla se ha quebrantado el

debido proceso de ley. *García Colón v. Sucn. González, supra*, pág. 543; *Figueroa v. Banco de San Juan, supra*, pág. 688. En torno al debido proceso de ley, el profesor Rafael Hernández Colón explica que "pueden haber tantas manifestaciones del mismo como principios del debido proceso existen y que se hayan quebrantado en un caso en especial". *García Colón et al. v. Sucn. González,* pág. 544 (citando a R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 355). A manera de ilustración, la ausencia de una parte indispensable constituye una violación al debido proceso de ley, que conlleva obligatoriamente el relevo de la sentencia. *HRS Erase v. CMT, supra*, pág. 699; *García Colón et al. v. Sucn. González, supra*, pág. *561.* Ante circunstancias de tal naturaleza, la sentencia "se tiene por inexistente, por lo que no surte efecto alguno". *López García v. López García*, 200 DPR 50, 62 (2018).

Por otro lado, el mecanismo de reapertura dispuesto en la Regla 49.2 de Procedimiento Civil, *supra*, no configura un remedio "para reabrir a capricho el pleito ya adjudicado". *Piazza Vélez v. Isla del Rio, Inc., supra*, pág. 448. Por tanto, el relevo de sentencia no debe emplearse a los fines de extender indirectamente el término para recurrir al foro apelativo, toda vez que tal proceder "atenta contra la estabilidad y certeza de los procedimientos judiciales". *Pagán v. Alcalde Mun. de Cataño*, 143 DPR 314, 328 (1997).

### D. La doctrina de la ley del caso

La doctrina de la ley del caso postula que, como norma general, un tribunal debe seguir sus decisiones en casos posteriores. *Pueblo v. Serrano Chang*, 201 DPR 643, 653 (2018). Lo anterior implica que los derechos y las obligaciones adjudicados en el ámbito judicial, mediante dictamen firme, constituyen la ley del caso. *Mgmt. Adm. Servs, Corp. v. E. L. A.*, 152 DPR 599, 606 (2000). Además, "los

planteamientos que han sido objeto de adjudicación por el foro de instancia o por este Tribunal no pueden reexaminarse". *Félix v. Las Haciendas*, 165 DPR 832, 843 (2005).

Así pues, una determinación judicial adquiere el carácter de ley del caso al advenir una decisión final en los méritos de la cuestión considerada y decidida. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, 204 DPR 183, 201 (2020). Por tanto, esa determinación obliga tanto al tribunal de instancia como a que las dictó, si el caso vuelve ante su consideración. *Cacho Pérez v. Hatton Gotay*, 195 DPR 1, 10 (2016).

Ahora bien, la doctrina de la ley del caso opera al servicio de la justicia, por lo que, "no es férrea ni de aplicación absoluta". *Mgmt. Adm. Servs, Corp. v. E. L. A.*, *supra*, pág. 608. Véase, también*, Noriega v. Gobernador*, 130 DPR 919, 931 (1992). En efecto, si el caso retorna al tribunal mediante los mecanismos apropiados, y este entiende que sus determinaciones previas son erróneas y que podrían causar una grave injusticia, puede aplicar una norma de derecho distinta y así resolver de forma justa. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, *supra*, pág. 201.

Por consiguiente, cuando se presenta un atentado contra los principios básicos de la justicia, los tribunales pueden descartar la aplicabilidad de la doctrina de la ley del caso. *Cacho Pérez v. Hatton Gotay, supra,* pág. 10. De lo contrario, nos corresponde resistirnos a reexaminar asuntos ya considerados dentro de un mismo caso en aras de salvaguardar el trámite ordenado y expedito de los litigios, así como promover la estabilidad y la certeza de derechos. *Berkan v. Mead Johnson Nutrition Puerto Rico, Inc.*, *supra*, pág. 201. Véase, también, *Mgmt. Adm. Servs, Corp. v. E. L. A.*, *supra,* pág. 608.

**III.**

En el caso presente, In-Servicio alega que incidió el Tribunal de Primera Instancia al mantener la anotación de rebeldía, a pesar de que el dictamen emitido el 20 de diciembre de 2023 por el Tribunal de Apelaciones decretó la nulidad de *Sentencia* de conformidad a la Regla 49.2 de Procedimiento Civil, *supra*. En particular, contiende que a raíz de la aludida determinación apelativa le correspondía al demandante presentar un nuevo caso contra todas las partes. Argumenta, además, que es imposible que In-Servicio responda a la demanda, pues al momento de los hechos objeto de la reclamación, la entidad compareciente no había sido formalizada ante el Departamento de Estado.

Por su parte, el señor Jordán Ortiz argumentó la *Sentencia* del emitida por el Tribunal de Apelaciones no dejó sin efecto la anotación de rebeldía impuesta contra In-Servicio. Aseveró que el dictamen apelativo resolvió únicamente que el Consejo no fue emplazado conforme a derecho. No obstante, alegó que la parte peticionaria sí fue debidamente emplazada, pero nunca contestó la demanda ni mostró interés en el pleito hasta después de emitida la *Sentencia* original. Advirtió, a su vez, que nunca solicitó el levantamiento de rebeldía. En vista de ello, razonó que la *Orden* de anotación de rebeldía constituye ley del caso.

Tras evaluar detenidamente el expediente ante nuestra consideración, así como el marco legal aplicable a la controversia, resulta forzoso concluir que la determinación de anotación de rebeldía es una determinación final y firme, y por consiguiente, procede confirmar el dictamen recurrido. Veamos.

Una mirada sosegada del tracto procesal nos permite corroborar que In-Servicio no compareció dentro del término exigido para someter su contestación a la demanda original o presentar una

moción dispositiva. Cabe destacar que, acogió tal proceder, a pesar de haber sido emplazado oportunamente. En vista de ello, el 13 de octubre de 2022, el tribunal recurrido le impuso una anotación de rebeldía. Sin embargo, no surge del expediente que haya impugnado tal anotación al amparo de la Regla 45.1 de Procedimiento Civil, *supra*, la Regla 45.3 de Procedimiento Civil, *supra*, o la Regla 49.2 de Procedimiento Civil, *supra*.

Eventualmente, el 23 de febrero de 2023, el foro primario dictaminó *Sentencia* en contra de In-Servicio y Consejo, notificada el 27 de febrero de 2023, en la cual determinó la imposición de responsabilidad extracontractual por los daños producidos durante la remodelación del apartamento del señor Jordán Rivera. En desacuerdo, la parte peticionaria presentó una *Moción Urgente de Reconsideración y/o Solicitando Relevo de Sentencia u Órdenes y Otros Asuntos*. El tribunal sentenciador declaró *No Ha Lugar* dicha solicitud. Por tanto, In-Servicio solicitó revisión apelativa. Consolidado su recurso con el caso del Consejo, el 20 de diciembre de 2023, esta Curia emitió el siguiente pronunciamiento:

> Es evidente, por tanto, que la declaración jurada del emplazador, más bien demostró la deficiencia del diligenciamiento, por lo que no ameritaba un emplazamiento por edicto. En consecuencia, por el Consejo de Titulares no haber sido emplazado según es su derecho, la *Sentencia* dictada por el Tribunal de Primera Instancia es inválida, ergo nula, con la consecuencia de no tener efecto jurídico alguno con respecto a los afectados por la misma que surgen de los casos KLAN202300971 y KLAN202301004.

Nótese que el precitado dictamen apelativo conllevó que se dejara sin efecto la *Sentencia* dictada en rebeldía, cuya disposición imponía responsabilidad extracontractual contra los codemandados. **Sin embargo, la aludida determinación no implicó el automático levantamiento de los procedimientos previos relacionados con In-Servicio**. (Énfasis suplido).

Conviene señalar que la Regla 49.2 de Procedimiento Civil, *supra,* provee un mecanismo para relevar de los efectos tanto de sentencias como de órdenes y procedimientos siempre y cuando existan los fundamentos legales. Véase, *García Colón v. Sucn. González,* pág. 539. De igual modo, la precitada regla permite conocer de un pleito independiente con el propósito de relevar a una parte de una sentencia, orden o procedimiento, o conceder un remedio a una parte que en realidad no hubiere sido emplazada. *De Jesús Viñas v. González Lugo, supra,* pág. 510. No obstante, el relevo de sentencia no constituye un mecanismo irrestricto. A la luz de lo anterior, puntualizamos que el relevo concedido en virtud de nuestra anterior sentencia apelativa no equivale a un relevo automático de todo procedimiento dictado con anterioridad a la *Sentencia* del TPI.

Ciertamente, el efecto del dictamen apelativo emitido el 20 de diciembre de 2023 resulta aplicable a In-Servicio. Sin embargo, ello no implica que todo dictamen previo a nuestra *Sentencia* apelativa sea inexistente o nulo. En particular, enfatizamos que la anotación de rebeldía emitida el 13 octubre de 2022 y notificada al día siguiente, constituye una decisión final debidamente considerada y adjudicada.

A su vez, destacamos que evaluamos los argumentos de la parte peticionaria, sin embargo, no identificamos fundamentos jurídicos para levantar la anotación de rebeldía al amparo de la Regla 49.2 de Procedimiento Civil, *supra.* Nuestras facultades revisoras no se extienden a tal grado que nos permitan dejar sin efecto la *Orden* de anotación de rebeldía impuesta en su contra sin que medie fundamento jurídico meritorio a tales fines. In-Servicio no puede litigar lo adjudicado o presentar señalamientos que debió exponer en su escrito reconsideración o revisión apelativa.

Recordemos, pues, que este indicó que fue emplazado el 9 de agosto de 2022. Por tanto, le correspondía atender oportunamente la reclamación instada en su contra para evitar que el foro primario le impusiera la anotación de rebeldía. Ante tales circunstancias, le compete diligentemente presentar la contestación a la demanda enmendada.

Por último, advertimos que el trámite ordinario a los fines iniciar el caso solo resulta aplicable para Consejo, quien no fue debidamente emplazado tal como resolvimos en la *Sentencia* consolidada. Ante la falta de jurisdicción de esta parte, todo trámite dictado en su contra es inexistente. Sin embargo, resaltamos que en cuanto a In-Servicio, consta en el expediente apelativo el proyecto de emplazamiento debidamente diligenciado. En tal escenario, no advertimos espacio para requerirle al demandante volver a emplazar a In-Servicio. Tal exigencia contravendría con nuestro principio procesal que favorece la solución justa, rápida y económica de todo procedimiento. Véase, Regla 1 de Procedimiento Civil, 32 LPRA Ap. V, R. 1.

En vista de lo anterior, resolvemos que el tribunal recurrido actuó conforme a derecho al mantener la anotación de rebeldía y exigirle a la parte peticionaria presentar su contestación a la demanda enmendada sin admitir prórroga. La determinación recurrida descansa en la discreción judicial, por lo que, merece nuestra deferencia. Ante la ausencia de error manifiesto, abuso de discreción, prejuicio o parcialidad, nos abstenemos de intervenir en la determinación recurrida.

**IV.**

Por los fundamentos que anteceden, expedimos el auto de *certiorari* y *confirmamos* el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones